SARAH FELLERMAN AND MORRIS FELLERMAN, PLAINTIFFS-APPELLANTS, v. GEORGE P. BYRNES, RECEIVER OF PHOX BUS COMPANY, A CORPORATION, OR PHOX BUS CORPORATION, AND ROBERT LEONARD, DEFENDANTS-RESPONDENTS.

Argued October 1, 1946—Decided November 7, 1946.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the plaintiffs-appellants, *Edward A. Markley* and *Pesin & Pesin (Meyer Pesin).*

For the defendants-respondents, *Charles A. Rooney* and *Alan Kraut.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. The appeal is from a judgment in the Hudson County Court of Common Pleas upon the ground that the court abused its discretion in discharging a rule to show cause why a new trial should not be granted. The grounds set up in the rule were that the verdict was against the weight of the evidence and was the result of prejudice, passion or mistake. The tort sued upon was alleged negligence in the operation of a public bus whereby the female plaintiff, a passenger, was, as she claimed, thrown to the floor of the vehicle and injured. There was no collision. The fall is said to have been caused by the swerving of the bus from a straight line in order to escape a threatened collision. Following the trial the court charged the jury. The jury returned a verdict for the defendants. No error in trial rulings or charge is alleged.

The granting or refusal of a motion for a new trial is within the discretion of the trial court; and the court's determination is not disturbed on appeal unless there has been an unmistakable and serious abuse of discretion. *Nelson* v. *Eastern Air Lines, Inc.,* 128 *N. J. L.* 46. That is conceded to be the applicable rule, but appellants contend that there was such an abuse. The testimony presented conflicting proofs. The case was manifestly one for consideration by the jury. We find that the trial court did not abuse its discretion in refusing to set the verdict aside and to grant a new trial.

The judgment below will be affirmed. It is unnecessary to rule upon respondents' motion for a dismissal of the appeal.